Malik v. Holder

BIA
Verrillo, IJ
A094 496 193

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand fourteen.

PRESENT:    JON O. NEWMAN,
            PIERRE N. LEVAL,
            GERARD E. LYNCH,
                    *Circuit Judges*.

_____

FAROOQ HAMEED MALIK,

                    *Petitioner,*


            v.                                    No. 12-594
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

                    *Respondent.*

_____

FOR PETITIONER:       Kevin R. Murphy, Springfield, Massachusetts.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Ashley Martin, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Farooq Hameed Malik, a native and citizen of Pakistan, seeks review of a January 17, 2012, order of the BIA, affirming the May 18, 2010, decision of Immigration Judge ("IJ") Philip Verrillo, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Farooq Hameed Malik*, No. A094 496 193 (B.I.A. Jan. 17, 2012), aff'g No. A094 496 193 (Immig. Ct. Hartford May 18, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantive evidence standard, which directs us to treat the findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Chen*, 417 F.3d at 271. The agency's application of law to undisputed fact is reviewed de novo, although the agency's interpretation of its own regulation will be given "substantial deference" unless that interpretation is inconsistent with the plain language of the regulation. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

2

I.    Asylum: Pretermission

We dismiss the petition to the extent it challenges the denial of asylum.  Title 8,

Section 1158(a)(3) of the United States Code provides that no court shall have

jurisdiction to review the agency's finding that an asylum application was untimely under

8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary

circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D).

Notwithstanding that provision, we retain jurisdiction to review constitutional claims and

"questions of law."  8 U.S.C. § 1252(a)(2)(D).  Here, Malik argues that he received

ineffective assistance from an attorney, fourteen months after he entered the United

States, and this legally excuses the untimeliness of his asylum application.  However, this

argument merely challenges the agency's factual determination as to whether there were

exceptional circumstances, an argument which we lack jurisdiction to consider.  8 U.S.C.

§ 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 154 (2d Cir. 2006).

II.    Withholding of Removal

Malik alleges that his confrontation with his public employer in 2001 rises to the

level of past persecution.  The agency reasonably found that it did not.  Persecution

requires treatment that is more than harassment or unfair treatment.  *See Ivanishvili v.*

*U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006); *Jian Qiu Liu v. Holder*, 632 F.3d

820, 822 (2d Cir. 2011).  The difference between harassment and persecution is

"necessarily one of degree that must be decided on a case-by-case basis."  *Ivanishvili*, 433

F.3d at 341.  Here, Malik admits that he was not physically harmed but merely became

3

very upset and alleged that the treatment constituted intimidation. This single confrontation resulting in no physical harm does not rise to the level of persecution. *Ivanishvili*, 433 F.3d at 341.

Even when an alien cannot establish past persecution, he may still establish refugee status by showing that he has a well-founded fear of future persecution by demonstrating that it is more likely than not that his "life or freedom would be threatened in [that] country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(2). Malik did not establish that it was more likely than not that he would be persecuted, as he offered no objective evidence as to why, after ten years away, the authorities would still be interested in him. *See Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (noting that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Furthermore, the agency's conclusion is bolstered by the fact that Malik has traveled in and out of Pakistan since 2001, even staying in his own home without incident. *See Kone v. Holder*, 596 F.3d 141, 148 (2d Cir. 2010). And Malik's many family members, including his son-in-law who works for the same public employer, remain in Pakistan without any problems. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk